### WHITFORD H. SWEET *vs.* TOWN OF CRANSTON.

#### PROVIDENCE—JANUARY 8, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Highways.*

Under the provisions of Pub. Stat. cap. 64, §§ 32–34, commissioners of estimate and assessment were appointed to lay out a highway. On account of certain deeds previously recorded, which the commissioners considered granted to the town for highway purposes all the lands within the limits of the proposed highway as defined by the town council, the commissioners reported that it was unnecessary to take any land from any of the abutters, and that the loss and damage was nothing. Within the time fixed by statute an abutter filed his notice of intention to claim a jury trial, as provided by section 36 of said chapter. This claim was, on motion of the town, dismissed, for the reason that no land was taken from the claimant and the report contained no estimate of damages or benefit to him or showed that he ever claimed any damages :—

*Held*, that the findings of the commissioners were not conclusive against any party seasonably claiming a jury trial.

*Held*, further, that, being an abutter on the highway, the claimant was *prima facie* the owner of the fee in the land taken to the centre thereof, and hence interested in the taking.

*Held*, further, that, being an abutter on the highway, the claimant was necessarily a party to the proceedings, treated as such by the commissioners by being named in the report and by service of notice upon him, and, being aggrieved by the report, was entitled to jury trial, which, the proceedings being otherwise regular, was his only remedy.

*Held*, further, that the ruling dismissing the claim for jury trial was erroneous.

CLAIM FOR JURY TRIAL in the matter of the layout of a

highway. Heard on petition of claimant for new trial, and petition granted.

TILLINGHAST, J. This is a claim for jury trial by the plaintiff in the matter of the layout of a new highway in the town of Cranston, known as "Haven Avenue."

The facts in the case are as follows, viz.: On September 6, 1893, commissioners of estimate and assessment were appointed by the town council of said town, in accordance with Pub. Stat. R. I. cap. 64, §§ 32–34, to lay out the highway aforesaid. The location and width of the highway were particularly fixed and defined by the town council, and the commissioners laid it out in accordance therewith and caused a plat thereof to be made, and subsequently gave due notice to all persons interested in the land taken for said purpose, and also to all persons who were the owners of lands, tenements, and premises which, in the opinion of the commissioners, were benefited by the layout, to appear at the time and place fixed by the commissioners for the making of estimates and assessments in the premises and be heard thereon. The report of the commissioners sets out: "That pursuant to such notice they met at the time and place therein named, and at said meeting and the several adjournments thereof all persons interested had full opportunity to be heard in relation to said layout; and, after hearing all parties who appeared and desired to be heard, they proceeded to make the assessment of loss and damage and of benefit and advantage, as required of them by said statutes and their said commission, as follows:

"In order to lay out said Haven avenue from Cranston street near estate of Whitford H. Sweet westerly to said Cranston street at the estate of John H. Barry, as proposed by the said council and as delineated on the plat above referred to, it will be necessary to take the land as laid out on the accompanying map and designated Haven avenue— which land comprises a strip of land of a uniform width of fifty feet—heretofore laid out by the Cranston Print Works Co., for street purposes, and adjoining northerly on land of

Whitford H. Sweet, John and Bridget Cooney, Catherine J., wife of Thomas J. Heffernan, Mary and Anna Farrell, Thomas and Bridget Eagan, and John H. Barry—which strip was quit-claimed to James A. and Frank L. Budlong by said Cranston Print Works Co., by deed recorded in said Cranston in deed book 71, page 397, and subsequently deeded to the town of Cranston by said Budlong for street purposes, by deeds recorded in book 73, page 133, and book 77, page 69 ; and the strip of land ten feet in width and adjoining the southerly side of the above-described strip, and deeded to said town for street purposes by deed recorded in said Cranston in book 73, page 132, by Frank L. Budlong and the triangular piece of land deeded to said town for street purposes by the Cranston Print Works Co.

· " All of which deeds being duly recorded in the town clerk's office of said town, reference thereto being hereby made.

" Therefore your commissioners report that on account of the deeds of said land referred to above it will not be necessary to take any land from the following persons, to wit : From Whitford H. Sweet, John and Bridget Cooney, Catherine J. wife of Thos. J. Heffernan, Mary and Anna Farrell, Thos. and Bridget Eagan, John H. Barry and from Aaron S. and Anna S. Haven, nor is it necessary on account of the aforesaid deeds to take any land for which payment is to be made from the following named persons or parties, from the Cranston Print Works and from Frank L. Budlong.

" The undersigned therefore report that the loss and damage to the estates aforesaid amounts to nothing. And the undersigned further report that they cannot assess for advantages resulting to the owners and parties interested in the layout of said Haven avenue, as there is no loss or damage to be paid for."

The report was made on the 30th day of September, 1893, and on the 2d day of December, 1893, the plaintiff filed his notice of intention to claim a jury trial in the Common Pleas Division, as provided by section 36 of said chapter. On the 11th day of March, 1901, the defendant filed a motion to dismiss said claim for jury trial on the grounds (1) that no land

was taken from the claimant in the layout of said highway, and (2) that the report of commissioners contains no estimate of damages or benefit to him or shows that he ever claimed any damages. The court granted the defendant's motion to dismiss the plaintiff's claim for jury trial, and the case is now before us on the plaintiff's petition for a new trial, based on his exceptions to said ruling.

(1)    Section 36 of said chapter gives to every person aggrieved by the report of the commissioners the right of trial by jury to determine the amount of damage and benefit to him—on account of the layout of the highway—to be apportioned, upon issues framed for that purpose, under the direction of the court. It is to be observed that the statute does not require the person aggrieved to specify in his application or claim for jury trial the particular grounds thereof, but simply that he shall file a written notice of his intention to claim a jury trial. Until issues are framed as aforesaid, therefore, it cannot be determined what his specific claim is; and no issues have yet been framed in the case before us. It is true the report of the commissioners shows that no land has been taken from the plaintiff, that no damages have been awarded him, and that no assessment has been made against him for betterments. But as no one of these findings was conclusive as against any one who seasonably claimed a jury trial, why is not the plaintiff entitled to be heard thereon before a jury? The commissioners have found that no land was taken from him by reason of the fact that by virtue of certain deeds of record, as construed by them, the land in front of plaintiff's lot which has been taken for said highway belongs to the town, and hence that the plaintiff has no claim thereto. But clearly he has the right to show, if he can, that the commissioners were mistaken in the construction which they put upon said deeds, and that he does in fact own said land or some interest therein which entitles him to damages.

The commissioners have clearly treated the plaintiff as a party in interest to the proceedings, for the plat which is made part of their report shows that he is an abutter on said

highway, and the report also sets out the same fact and
states that it is not necessary to take any of his land.   Being
an abutter on said highway, he is *prima facie* the owner of
the fee in the land taken to the centre thereof, and hence
is interested in the taking thereof.   The case is therefore
clearly distinguishable from *Whalen* v. *Bates*, 19 R. I. 274,
relied on by defendant.   That was a case where the plaintiff
was only a tenant in the occupation of some part of the prop-
erty affected by the layout, whose interest therein did not
appear of record ; and hence, as held by the court, it was not
practicable for the board of aldermen or for the commis-
sioners of estimate and assessment to ascertain the holder of
such an interest and to give him personal notice of the pro-
ceedings.   By the publication of the notice in the newspapers
and the posting of copies of it, as directed by the statute, he
had constructive, if not actual, notice of the meeting of the
commissioners ; and hence it was his duty to have attended
the meeting and present his claim, if any he had. . As he
did not appear before the commissioners or make known to
them his interest in the land taken for the improvement, his
name was not included in their report and he was not served
with personal notice of the filing thereof.   In short, by reason
of his own neglect he was not made a party to the proceed-
ings.   The court held that if he had attended the meeting
and presented his claim, as it was his duty to do, and the
commissioners had disallowed the same, he would then have
been entitled to personal notice of the filing of the report
provided for in section 35 of said chapter and could have filed
his claim for a jury trial, and thus been in a position to have
his claim for damages passed upon by a jury.

The facts in the case at bar are very different.   Here the
plaintiff is an abutter on said highway, as aforesaid, and
hence is necessarily a party to the proceedings ; and the
commissioners have treated him as such by naming him in
their report and also by causing personal notice to be served
upon him, as appears by the citation and the officer's re-
turn thereon.   Being a party to the proceedings, and being
aggrieved by the report of the commissioners, we fail to see

why he does not bring himself within the law which entitles him to a jury trial. Furthermore, this being a purely statutory proceeding and the plaintiff having been made a party thereto, and all of the proceedings of the commissioners having been regular, we are of the opinion that the only remedy which he has in the premises, under the decision of this court in *Smith* v. *Tripp*, 14 R. I. 112, is that provided by statute, namely, a jury trial on the question of damages.

For the reasons thus given we are of the opinion that the ruling complained of was erroneous, and we grant the plaintiff's petition for a new trial.

*Edward D. Bassett*, for petitioner.

*John Palmer*, for respondent.